IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| JAMES JOHNSON, | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | * |
| NANCY A. BERRYHILL, Acting | *   No. 3:16cv00293-JJV |
| Commissioner, Social Security | * |
| Administration, | * |
| | * |
| Defendant. | * |

**MEMORANDUM AND ORDER**

Plaintiff, James Johnson, has appealed the final decision of the Commissioner of the Social Security Administration[1] to deny his claim for supplemental security income. Both parties have submitted appeal briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an

---

[1] Nancy Berryhill was sworn in as Acting Commissioner of the Social Security Administration on January 23, 2017, replacing Carolyn Colvin. She has therefore been substituted as the defendant in this case pursuant to Federal Rule of Civil Procedure 25(d)(1).

opposite decision.  *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute.  Therefore, they will not be repeated in this opinion except as necessary.  After careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence.

Plaintiff was forty-nine years old at the time of the administrative hearing.  (Tr. 157.)  He testified he went as far as the twelfth grade in school, albeit he was in special education classes.  (*Id.*)  He has past relevant work as a concrete worker in construction.  (Tr. 144.)

Plaintiff alleges he is disabled due to a combination of impairments.  The ALJ[2] first found Mr. Johnson had not engaged in substantial gainful activity since March 6, 2014 – the alleged onset date.  (Tr. 133.)  The ALJ next determined Mr. Johnson has "severe" impairments in the form of hypertension, obesity, congestive heart failure, cardiomyopathy, coronary artery disease, and hyperlipidemia.  (*Id.*)  The ALJ further found Mr. Johnson did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1.[3]  (Tr. 135-136.)

The ALJ determined Mr. Johnson has the residual functional capacity to perform a slightly

---

[2]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[3]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

reduced range of light work. (Tr. 136.) Given this finding, the ALJ concluded Mr. Johnson could no longer perform his past relevant work. (Tr. 143-144.) So, utilizing the services of a vocational expert (Tr. 177-184), the ALJ determined whether other jobs existed that Mr. Johnson could perform despite his impairments. The ALJ determined that Plaintiff was capable of performing the jobs of office helper and sewing machine operator. (Tr. 145.) Accordingly, the ALJ determined Mr. Johnson was not disabled. (Tr. 146.)

In support of his Complaint, Plaintiff argues the ALJ erred by determining his pain, numbness, and decreased vision were not "severe." (Doc. No. 17 at 18-19.) If these impairments were considered to be "severe," they would, by definition, limit Plaintiff's ability to perform basic work activities. A "severe" impairment is one that significantly limits a claimant's physical or mental ability to do basic work activities. *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992); 20 C.F.R. §§ 404.1520(c), 416.920(c) (2008). It has "more than a minimal effect on the claimant's ability to work." *Hudson v. Bowen*, 870 F.2d 1392, 1396 (8th Cir. 1989); *accord, Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007). To the contrary, a non-severe impairment is defined as:

> (a) *Non-severe impairment(s).* An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
> (b) *Basic work activities.* When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include--
> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;
> (2) Capacities for seeing, hearing, and speaking;
> (3) Understanding, carrying out, and remembering simple instructions;
> (4) Use of judgment;
> (5) Responding appropriately to supervision, co-workers and usual work situations; and
> (6) Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521, 416.921 (2008).

After careful review, I find no error here.  First, a diagnosis does not necessarily mean the impairment is "severe."  The determination at step two is based *solely* on the medical evidence.  *Riley v. Shalala*, 849 F. Supp. 679, 681 (E.D. Ark. 1993), aff'd, 18 F.3d 619 (8th Cir. 1994).  And there is very little medical evidence to show these conditions impacted his ability to perform work related activities.  Although the ALJ incorrectly interpreted Plaintiff's visual acuity, she correctly noted that Leon M. Waddy, M.D., "specified no particular limitation and he has not had treatment for his eyes during the relevant period." (Tr. 134.)  With regard to Plaintiff's myopathy, the ALJ correctly noted, ". . . the claimant admits to exercising on a bike and walking routinely." (Tr. 133.)  Accordingly, I find no merit to his argument on this point.

Plaintiff also argues that the ALJ erred by concluding he maintained the residual functional capacity to perform light work.  (Doc. No. 17 at 19-21.)  I have carefully considered Plaintiff's argument and find that the record provides sufficient evidence to support the ALJ's findings.  Plaintiff's strongest evidence comes from the findings of Dr. Leon M. Waddy who performed the consultative General Physical Examination.  (Tr. 508-512.)  Dr. Waddy found Plaintiff had "moderate to severe" limitations.  (Tr. 512.)  But the ALJ gave little weight to his conclusions saying, ". . . the consultative examiner provided no justification or analysis to support his very generalized assessment of moderate to severe limitations." (Tr. 143.)  Having closely reviewed Dr. Waddy's report, I agree with the ALJ.  I also agree with the ALJ that, ". . . the claimant's primary cardiovascular impairments have been extensively evaluated by cardiologists based on much more detailed testing.  As such, greater effect is given to the findings in the treatment notes." (*Id.*)

And although Jonathan Norcross, M.D., and Rosey Seguin, M.D., reviewed only the

4

medical evidence and did not have the benefit of examining Mr. Johnson, their opinions that Plaintiff was capable of performing light work constitute substantial evidence upon which the ALJ could rely.  (Tr. 194-195, 217-218.)   I am sympathetic to Mr. Johnson's claims as he clearly has some limitations.   But the overall medical evidence provides substantial support for the ALJ's determination that he could perform work at the light exertional level.

Plaintiff had the burden of proving his disability.   *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988).   Thus, he bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991).   Plaintiff has simply not met that burden. The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Plaintiff has advanced other arguments that I have considered and find to be without merit. It is not the task of this Court to review the evidence and make an independent decision.   Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts her findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).   I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.   There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).   The Commissioner's decision is not based on legal error.

THEREFORE, the Court hereby affirms the final decision of the Commissioner and

dismisses Plaintiff's Complaint with prejudice.

IT IS SO ORDERED this 29th day of June, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE